**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 43135-2015**

| | | |
|---|---|---|
| JUDITH L. WEIBLE, | ) | |
| | ) | **Coeur d'Alene, April 2016 Term** |
| Claimant-Appellant, | ) | |
| | ) | **2016 Opinion No. 42** |
| v. | ) | |
| | ) | **Filed: April 26, 2016** |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAFEWAY, INC., Employer. | ) | |
| | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The order of the Industrial Commission is <u>affirmed</u>.

Judith L. Weible, pro se, did not appear for the oral argument.

Douglas A. Werth, Deputy Attorney General, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal from an order of the Industrial Commission upholding the denial of unemployment benefits during the period of time that Appellant was on a leave of absence from her employment in order to undergo needed surgery and to recover from that surgery. We uphold the order of the Commission.

**I.**

**Factual Background.**

While Judith L. Weible was employed by Safeway, Inc., she requested time off because she had to have surgery. Safeway granted her request and agreed to hold her job until she was able to return to work, which she intended to do. Her leave of absence began on September 11,

2014, and she returned to work on October 28, 2014, upon being released by her physician to do so. While she was on her leave of absence, Ms. Weible applied for unemployment benefits. She was denied benefits because during her leave of absence she was still employed, even though she was not working.

Ms. Weible sought review of the denial of benefits, and the matter was heard by an appeals examiner on October 28, 2014. He upheld the denial of benefits based upon the Department of Labor administrative rule that states: "A claimant who is on a mutually agreed upon leave of absence is employed and not eligible for benefits. In order to meet the definition of 'leave of absence,' the employer must have committed to the claimant's return to work at the end of the leave." IDAPA 30.09.01.30.375.02. It was undisputed that Safeway had agreed to hold Ms. Weible's job so that she could return to work at the end of her leave of absence. When she testified before the appeals examiner, Ms. Weible stated that she knew Safeway had been holding her job for her and that she was returning to work that day after the hearing.

Ms. Weible then appealed to the Industrial Commission, which conducted a de novo review based upon the record. It upheld the denial of unemployment benefits because Ms. Weible was not unemployed while she was on her leave of absence. She then appealed to this Court.

## II.
### Did the Commission Err in Upholding the Denial of Unemployment Benefits?

"Our review of decisions of the Industrial Commission is limited to questions of law. Whether the Commission's factual findings are supported by substantial and competent evidence is a question of law, as is the application of the facts to the law." *Copper v. Ace Hardware / Sannan, Inc.*, 159 Idaho 638, 639, 365 P.3d 394, 395 (2016).

During the hearing before the appeals examiner, Ms. Weible testified that "I wasn't aware it was going to be a leave of absence when I told them that I had to have some time off for the surgery"; that "I knew they were going to hold the job for me"; and that she had kept in contact with her employer and "they said we will be glad when you can come back to work." She also testified that she went back to work on the day of the hearing.

Ms. Weible apparently did not understand that under the Department of Labor's rule quoted above, her request to take time off for needed surgery and recovery and Safeway's

agreement to hold her job until she could return to work constituted a leave of absence. Under that rule, she was not unemployed during her leave of absence. Therefore, the Commission's decision must be upheld.

### III.
### Conclusion.

We affirm the order of the Industrial Commission, and we award Respondent costs on appeal.

Chief Justice J. JONES, and Justice BURDICK, W. JONES and HORTON **CONCUR.**